UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>CHARLENE S. SMITH<br>243 LAWLOR ST, UNIT 3C<br>NEW BRITAIN, CT 06051<br><br>Debtor<br><br>CHARLENE S. SMITH<br><br>VS.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE<br>FOR LSF9 MASTER PARTICIPATION<br>TRUST, BROCK AND SCOTT PPLC<br>F/K/A BENDETT & MCHUGH PC | CASE NO.: 13-20996<br><br><br>CHAPTER 7<br><br>April 18, 2024 |

## MOTION FOR ORDER REOPENING CASE REQUESTING EMERGENCY HEARING

## TO PURSUE DISCHARGE VIOLATIONS AND

## OTHER RELIEF AGAINST CREDITORS IN THIS PROCEEDING

TO: THE HONORABLE CHIEF JUSTICE ANN M. NEVINS

COME NOW CHARLENE S. SMITH disabled, never married, pro se, unschooled in law the above-named debtor ("Discharged Debtor", "Smith". Or "I") , and respectfully move the Court pursuant to Section 350(b) of Title 11 of the United States Code, Rule 9024 of the Rules of Bankruptcy Procedure and Rule 60

1

of the Federal Rules of Civil Procedure for the entry of an order to REOPEN this case in order to pursue possible discharge violations against U.S. BANK TRUST, LLC, AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("USBT"), CALIBER HOME LOANS, INC. ("CALIBER"), AND BROCK AND SCOTT, PLLC F/K/A BENDETT & MCHUGH, PC ("B&M") and possibly other creditors in this proceeding.

THE DISCHARGED DEBTOR respectfully shows unto this court that a Final Order of Discharge was duly entered in this proceeding on or about December 31, 2014, when the case was closed.

THE DISCHARGED DEBTOR fully incorporates the attached Affidavit in Support and supporting documents as Exhibit A ("Ex. A" or "Aff. Supp.")

## FACTUAL AND PROCEDURAL BACKGROUND

Without attempting to relitigate the state foreclosure action Discharged Debtor states the following factual and procedural background

1. Contrary to opposing Counsels portrayals, Discharged Debtor never denied executing a refinance contract with H&R Block Mortgage Corporation for a lower rate and declared a current mortgage statement in her initial petition Chapter 7 bankruptcy ("the Petition") May 16, 2013, with every intention of retaining the residence at all times. (See: ECF No. 1, Schedule D)

2. The Plaintiff listed in her Schedule D a debt serviced by Bank of America Home Loans ("BAHL") secured by the August 2005 mortgage re-signed on or around February 2007 ("OMD3") on her residential real estate located at 243 Lawlor St, Unit #3C, New Britain, CT 06051.

3. At the time of filing the petition and during the pendency of the bankruptcy, Discharged Debtor was current on her mortgage.

4. Discharged Debtor had no knowledge the mortgage (which was signed a total of 3 times due to its being lost and unrecorded) had still not been recorded in the county land records after she signed in early 2007, or at the time of the filing of the Petition. See: Ex. A #5-8.

5. On July 24, 2013, Debtor, through Counsel, filed her amended Schedule F to reflect (OMD3) as unsecure (ECF No. 14), noticing all Creditors, and with no objection.

6. On June 24, 2013, the Chapter 7 Trustee, Thomas Boscarino had the Bankruptcy Court send notification assets were found and would be collecting and distributing to all who filed and/or put in a proof of claim (POC) by September 23, 2013 (ECF 12 and 13) lists Bank of America (BOA) as receiving notice. (See: ECF No. 9)

Although informed, (BANA) did not file proof of claim for OMD3.

7. On July 24, 2013, Debtor, through Counsel, amended Schedule F to reflect OMD3 as unsecured (ECF No. 14), noticing all Creditors, and with no objection.

8. On July 25, 2013, Motion to Comprise was granted and Discharged Debtor was not in default and continued paying (BOA)

9. On December 31, 2014, the same day as Debtors discharge, Caliber created and sent a Notice of Default to the Debtors resid`ence which contained a copy of Discharged Debtors October 17, 2011 Connecticut Housing Finance Authority Open-End Mortgage, and a copy of the September 26, 2002 name of the married Charlene Sjovall ("Sjovall") back to her maiden name of Charlene Smith, who remains unknown to Discharged Debtor which also contained false/inaccurate accounting, threatening to foreclose if payment arrangements were not made. See: Aff. Supp. Ex. 1; see also Aff. Supp. #19-21.

10. Discharged Debtor left bankruptcy with an unsecured mortgage, and with a fresh start.

11. Discharged Debtor would have made arrangements or continued paying Bank of America had (BOA) or (BANA) filed the required (POC) and had the mortgage been secured or any valid entity approached her for payment of (OMD3). See: Aff. Supp. #21

12. It appears by failed actions of Creditor and/or Creditor's Counsel, purported creditor had an invalid note and mortgage the creditor did not have a secured lien on the property pursuant to the Uniform Commercial Code (hereinafter UCC) code Article 3 governs negotiable instruments.

13. In a letter dated October 21, 2015 Caliber, through Old Republic Title Company, attempted to coerce the Discharged Debtor to Re-Acknowledge the mortgage discharged as unsecured in an attempt to coerce the Discharged Debtor into securing the alleged debt by creating a *new mortgage* due to the fact the three (3) previously signed mortgages were "lost" and unrecorded. See: Aff. Supp. Ex. 2; see also Aff. Supp. #'s 5-7 and #25.

14. When Discharged Debtor refused to Re-Acknowledge the mortgage, on December 20, 2017, Kolette Modlin, Caliber employee and purported "Authorized Officer" of (USBT), signed an affidavit containing an August 18, 2005, iteration of a mortgage ("OMD2") (See: Aff. Supp. #26) which was filed into the New Britain Connecticut land records at Book 1984, pages 708-732 ("the Modlin Affidavit") for the sole purpose of making it appear a mortgage was recorded and secured for the sole purpose of foreclosure, (OMD2) was later identified by Bendett & McHugh PC (hereinafter B&M) in open court as a notice to creditors of a mortgage not yet recorded. (See: Aff. Supp. #27)

Opposing Counsel admitted in open court the document recorded within a 47-12a Affidavit is only "almost the actual mortgage" See: Aff Supp. Ex. 3; p. 9, 9-10.

15. When Discharged Debtor refused to Re-Acknowledge the mortgage, on March 06, 2018, and after an employee of Caliber recorded her affidavit containing the "almost mortgage", (B&M), as counsel for the purported servicer of an unsecured creditor, filed a summons and complaint for a foreclosure action specifically naming Sjovall aka "Charlene Smith" as the defendant.

The complaint and summons made no mention of the Modlin Affidavit. This action was taken in an attempt strong-arm, coerce, and harass the Discharged Debtor into "mediating", take actions that were not in her best interest in order to keep a roof over her head, and/or get information to craft their motion for summary judgement.

16. Although informed of the full contents of the Notice of Default, (USBT), Caliber, and/or (B&M), and/or Caliber and/or (USBT) through (B&M) concealed the full and *complete contents* of the Notice of Default (NOD) from the state court, by submitting only the first (3) three pages of the (NOD) with the affidavit of an employee Nhu Tran of the sub-servicer Caliber, and *not* the Connecticut Housing Finance Authority (hereinafter CHFA) and name change documents, in support of the motion for summary judgement.

17. The motion for summary judgement also contained documents materially different than those within the Modlin Affidavit, and those sent to the Discharged Debtor by (BANA) in 2023.

18. (USBT), Caliber, and/or (B&M), and/or Caliber and/or (USBT) through (B&M) stated they were offering the residence for sale to the public, but the sale that was held was not for the Discharged Debtors residence. The only portion of the Discharged Debtors residence offered for sale was Schedule C of her 1998 title insurance.

19. On December 02, 2019, (B&M) declared in open court that a bankruptcy court or a federal judge could decide the foreclosing Plaintiff did not have the right to foreclose even after the granting of summary judgment. See: Aff. Supp., Ex. 3; 14-19; see also Aff. Supp., #32.

20. On December 02, 2019, (B&M) declared, in open court, their agreement that a bankruptcy court or a federal judge could decide the foreclosing Plaintiff did not have the right to foreclose even after the granting of summary judgment when Counsel stated:

"What I say is, grant summary judgement let her go to the Bankruptcy Court make this argument in the Bankruptcy Court or in Federal Court to make this decision. And if that Bankruptcy Judge says or a Federal Judge says. 'No You don't have the right to foreclose' then it stops the foreclosure.". See: Aff. Supp. Ex. 3, 14-19; see also Aff. Supp., #32.

This information was concealed from the court and the Debtor prior to the hearing on summary judgement. As Debtor was not present at the hearing, the

Debtor did not have knowledge of this information until she was able to acquire the hearing transcript in 2022.

21. On March 7, 2020, Discharged Debtor through hired Counsel Charleen E. Merced filed a proposal order and Motion to reopen it's my belief, although I cannot attest to that, which provided the Court with title search documents showing there wasn't any reference of the (BOA) recorded document within the County records recorded on July 9, 2013, at Book 1291 Page 937 at 12:25:20 within Opposing Counsel's state Superior Court filings, or referenced within the Modlin Affidavit.

22. On March 21, 2022, (B&M) requested an Order of continuance to perform an internal review of the case file in Superior Court on the actual Law Day, which was GRANTED to Plaintiff, although the results of that review were never presented to the court or the Discharged Debtor.

23. Discharged Debtor, now pro se, hired Attorney Charleen E. Merced to reopen the bankruptcy, filed on March 7, 2020, which was denied without prejudice.

24. Since June 10, 2020 and continuing to the date of filing this motion, Discharged Debtor has received additional information and evidence from Fay Servicing LLC and Caliber the purported servicer/sub-servicer(s) of "the account", that proves Counsel, or purported creditor through counsel, had and has assembled

a nefarious plan to steal my home displacing a disabled senior citizen to enrich themselves.

25. Since June 10, 2020, and continuing to the date of filing this motion, and continuing to the date of filing this motion, Discharged Debtor has received additional billing from Fay and Caliber for fees, charges and advances that were not approved by the bankruptcy court.

26. Discharged Debtor had previously filed a case against BENDETT AND MCHUGH PC, CALIBER HOME LOANS, FAY SERVICING LLC, JOHN AND COMPANY DOES 1-10 in Federal Court on February 9, 2022, documents submitted to Consumer Financial Protection Bureau (hereinafter CFPB) showed (CFPB) violations including Creditors Collection Practice Act (CCPA) and violations of Chapter 7 discharge requesting injunction enforcement protection in Superior Court.

Defendants argued in their motion to dismiss the claims for violations of the bankruptcy injunction was best argued within the bankruptcy court, to which the federal judge agreed on.

27. Since June 10, 2020, and continuing to the date of filing this motion, and continuing to the date of filing this motion, Debt collectors Caliber and Fay Servicing, LLC ("Fay") have provided documentation which contains erroneous fees and charges prior to and after the filing the discharge.

For example:

a) Caliber submitted documentation to the Discharged Debtor which demonstrates bankruptcy and other fees and charges that were previously unknown to the court or Discharged Debtor on or around March 16, 2022

b) Fay not only claims they have solely paid the taxes, but Fay has *increased* the negative escrow for the account they are purported servicing/subservicing when they received a refund of the taxes they attempted to pay, that Discharged Debtor had already paid.

28. Since March 2022, and continuing to the date of filing this motion, and continuing to the date of filing this motion, Debt collectors Caliber and Fay Servicing, LLC ("Fay") have provided documentation which contains information that contradicts arguments, information, and documents presented to the Superior Court.

THE DISCHARGED DEBTOR is informed, believes, and therefore alleges that it would be in the interest of justice to reopen this case and allow the Discharged Debtor to proceed with the legal action described and she so moves the Court for such relief and for such additional relief as the Court may deem just and proper. Pursuant to 28 U.S.C. 1930 a fee to reopen should not be charged to the Discharged Debtor, since this matter relates to her discharge.

Dated this the _____ day of _____ 2024.

_____

Charlene S. Smith, Discharged Debtor, pro se

243 Lawlor St, Unit 3C

New Britain, CT 06051

## CERTIFICATE OF SERVICE

I, Charlene S. Smith, Discharged Debtor, hereby certifies to the Court as follows:

1. I am the Discharged Debtor for the foregoing proceeding;

2. I am not less than 18 years of age;

3. I have this day served a copy of the foregoing MOTION FOR ORDER REOPENING CASE TO PURSUE DISCHARGE VIOLATIONS AND OTHER RELIEF AGAINST CREDITORS IN THIS PROCEEDING on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, via email or facsimile addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Thomas C. Boscarino – tboscarino@bgtlaw.com

U.S. Trustee – USTPRegion02NH.ECF@USDOJ.GOV

Jonathan G. Cohen – jgcohen@yahoo.com

Kim L. McCabe – kim.mccabe@usdoj.gov

U.S. Bank Trust, LLC, as Trustee for LSF9 Master Participation Trust c/o

Caliber Home Loans, Inc.

Fay Servicing, LLC

16745 West Bernardo Drive Suite 300 San Diego, CA  92127

BROCK AND SCOTT PLLC F/K/A

BENDETT AND MCHUGH PC

270 Farmington Avenue

Suite 151

Farmington, CT  06032

4. I have also served copies of the MOTION AND AFFIDAVIT on all creditors listed on the master matrix mailing, a copy of which is attached hereto, in the same manner and method as described in paragraph number 3 above;

5. To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

6. Service as outlined herein was made within the United States of America.

Dated this the ___*19TH*___ day of ___*April*___, 2024.

Charlene S. Smith, Discharged Debtor

243 Lawlor St., Unit 3C

New Britain. CT 06051

AFFIDAVIT IN SUPPORT ATTACHED HERETO AS Exhibit "A"

MATRIX ATTACHED HERETO AS Exhibit "E"

12

# AFFIDAVIT EXHIBITS

## <u>MOTION EXHIBIT ATTACHMENT – LIST</u>

1 - ENTIRE NOTICE OF DEFAULT

2 – OLD TITLE REPUBLIC LETTER

3 – DECEMBER 2019 TRANSCRIPT

***<u>COUNSEL HAS ENTIRE TRANSCRIPT</u>***

4 – MODLIN AFFIDAVIT RECORDED

5 – BANK OF AMERICA ASSIGNMENT

# EXHIBIT - 1

Caliber Home Loans, Inc.
PO Box 9081
Temecula, CA 92589-9081



7307 1100 1170 0785 0569 68

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Caliber Home Loans, Inc.
P.O. Box 650856
Dallas, TX  75265-0856

Send Correspondence to:
Caliber Home Loans, Inc.
P.O. Box 24610
Oklahoma City, OK  73124

20141229-260

CHARLENE SMITH
243 LAWLOR ST APT 3C
NEW BRITAIN, CT  06051-1163



W_CT_DEMAND



12/31/2014

CHARLENE SMITH
243 LAWLOR ST APT 3C
NEW BRITAIN, CT 06051-1163

Sent Via Certified Mail
9307 1100 1170 0785 0569 68

Loan Number:        9803807768
Property Address:   243 LAWLOR ST APT 3C
                    NEW BRITAIN, CT 06051-1163

Dear CHARLENE SMITH:

This letter is formal notice by Caliber Home Loans, Inc. that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

You have a right to cure the default. To cure the default, you must pay the full amount of the default on this loan by 03/06/2015 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the property.

As of the date of this notice, the total amount required to cure the default is $11,024.78, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | 09/01/2013 |
| Total Monthly Payments Due: | | $10,709.44 |
| 09/01/2013 | at | $669.34 |
| 10/01/2013 | at | $669.34 |
| 11/01/2013 | at | $669.34 |
| 12/01/2013 | at | $669.34 |
| 01/01/2014 | at | $669.34 |
| 02/01/2014 | at | $669.34 |
| 03/01/2014 | at | $669.34 |
| 04/01/2014 | at | $669.34 |
| 05/01/2014 | at | $669.34 |
| 06/01/2014 | at | $669.34 |
| 07/01/2014 | at | $669.34 |
| 08/01/2014 | at | $669.34 |
| 09/01/2014 | at | $669.34 |
| 10/01/2014 | at | $669.34 |
| 11/01/2014 | at | $669.34 |
| 12/01/2014 | at | $669.34 |



W_CT_DEMAND
Page 1 of 6

9307110011700785056968

| | | |
|---|---|---|
| Late Charges: | | $307.02 |
| Other Charges: | Uncollected NSF Fees: | $0.00 |
| | Other Fees: | $0.00 |
| | Corporate Advance Balance: | $15.00 |
| | Unapplied Balance: | ($6.68) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**           **$11,024.78**

You can cure this default by making a payment of $11,024.78 by 03/06/2015. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current. You may contact our Loss Mitigation Department at (800) 621-1437 to obtain updated payment information. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current default. Please include your loan number and property address with your payment and send to:

Caliber Home Loans, Inc.
PO Box 650856
Dallas, TX 75265-0856

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling (800) 621-1437.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Caliber Home Loans, Inc. offers consumer assistance programs designed to help resolve delinquencies and avoid FORECLOSURE. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternative. If you would like to learn more about these programs, you may contact our Loss Mitigation Department at (800) 621-1437, Mon - Thurs 8:00 am to 9:00 pm CST, Fri 8:00 am to 7:00 pm, Sat 8:00 am to 4:00 pm. WE ARE VERY INTERESTED IN ASSISTING YOU.

You have the right to reinstate the loan after acceleration and the right to assert in court the non-existence of a default or any other defense to acceleration and foreclosure or sale. To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

**Emergency Mortgage Assistance Program**

Please be advised that under Section 8-265ee of the Connecticut General Statutes, as amended, you have sixty (60) days from the date of this letter to: 1) have a face-to-face meeting or telephone conference with Caliber Home Loans, Inc. or a face-to-face meeting with a consumer counseling agency to attempt to resolve the delinquency or default of the above referenced mortgage loan by restructuring the loan payment schedule or otherwise; and 2) contact the Connecticut Housing Finance Authority at the address and phone number below, to obtain information and apply for emergency mortgage assistance payments if you are not able to resolve the mortgage delinquency or default with Caliber Home Loans, Inc.

The address and telephone number for the Connecticut Housing Finance Authority is 999 West Street, Rocky Hill, Connecticut 06067, and the telephone number is 1-860-571-3500 or 1-877-571-2432. Enclosed is the Notice of Community-Based Resources for Connecticut Homeowners in Foreclosure.

Caliber Home Loans, Inc. is attempting to collect a debt, and any information obtained will be used for that purpose. Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Caliber Home Loans, Inc.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Caliber Home Loans, Inc. immediately. When contacting Caliber Home Loans, Inc. as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 621-1437 if you have questions about your rights under SCRA.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at 1-888-995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134
(800) 621-1437



W_CT_DEMAND
Page 3 of 6

930711001170078505b9b8

FORECLOSURE MEDIATION
NOTICE OF COMMUNITY-BASED
RESOURCES
JD-CV-126  Rev. 10-14
C.G.S. § 49-31l

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUDICIAL BRANCH
*www.jud.ct.gov*



**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

**State of Connecticut Department of Banking**
**Foreclosure Hotline Bulletin**
**Community-Based Resources for Connecticut Homeowners in Foreclosure**
*Note:  Assistance in multiple languages is available through Connecticut Housing Finance Authority (CHFA/HUD)-approved housing counseling agencies (refer to the list below). Ayuda en Español es disponible a través de agencias de consejería de vivienda aprobado por CHFA/HUD (favor de referirse a la lista de abajo).*

## Toll-free Mortgage Foreclosure Assistance Hotline: 1-877-472-8313
## Department of Banking Website: www.ct.gov/dob

The free Foreclosure Hotline is open Monday-Friday 8:00 a.m. to 5:00 p.m. Calls will be returned within two business days. Homeowners who are currently a party to a foreclosure action with time sensitive foreclosure concerns should call the Hotline for assistance. You can also reach the Department of Banking by calling **1-800-831-7225 (toll-free)** or **860-240-8299.**

### Mortgage Assistance from the Connecticut Housing Finance Authority (CHFA)

**The Connecticut Housing Finance Authority** administers the state's Emergency Mortgage Assistance Program (EMAP) which was created by the Connecticut General Assembly. EMAP can help eligible homeowners with overdue payments and provide monthly mortgage assistance. For more information, contact a CHFA/HUD-approved housing counseling agency (listed below), call CHFA at **1-877-571-2432,** or visit *www.chfa.org.*

### CHFA/HUD-Approved Housing Counselors:

CHFA/HUD-approved housing counselors provide free help to Connecticut homeowners who are struggling financially and may be at risk of foreclosure. They can review your budget and try to find ways to help with your financial issues. They are trained in handling FHA and "conventional" loans and can help you negotiate with your mortgage company or apply to CHFA for an Emergency Mortgage Assistance loan. If a foreclosure case has been filed against you and you have asked to participate in the Foreclosure Mediation Program, they can help you get ready for mediation (including the Premediation meetings with your mediator) and help you submit financial documents to your mortgage company as part of the mediation process. CHFA/HUD approved housing counselors welcome residents from all over Connecticut. You do not need to go to the agency closest to you.

| County | CHFA/HUD-Approved Housing Counseling Agency | Phone |
|---|---|---|
| Fairfield | **Bridgeport Neighborhood Trust,** 570 State Street, Bridgeport *www.bntweb.org* | 203-290-4255 ext. 107 |
| Hartford | **Community Renewal Team,** 395 Wethersfield Ave., Hartford *www.crtct.org* | 860-560-5880 |
|  | **Neighborhood Housing Services of New Britain,** 223 Broad St., New Britain *www.nhsnb.org* | 860-224-2433 |
| New Haven | **Neighborhood Housing Services of New Haven,** 333 Sherman Ave., New Haven *www.nhsofnewhaven.org* | 203-777-6925 ext. 26 |
|  | **Greater New Haven Community Loan Fund,** 171 Orange St., New Haven *http://www.theroofproject.org* | 203-624-7406 ext. 130 |
| New London/ Windham | **Catholic Charities, Diocese of Norwich,** 331 Main St., Norwich; 28 Huntington St., New London *www.ccfsn.org* | 860-889-8346 ext. 272 |

## Legal Resources

**Foreclosure Prevention Legal Clinics:** The Connecticut Fair Housing Center, the Department of Banking, and the Judicial Branch's Foreclosure Mediation Program present two, free monthly legal clinics for homeowners in foreclosure. The clinics offer information on the process and on preparing for court from a Center attorney, guidance on resources for homeowners from the Department of Banking, and a description of the Mediation Program from a court mediator. After the presentations, homeowners can talk about their situations one-on-one with volunteer attorneys, paralegals, and student volunteers. The monthly clinic in **Hartford is the 3rd Tuesday evening of the month** and is run by the Connecticut Fair Housing Center and the University of Hartford Paralegal Studies Program. The monthly clinic in **Fairfield County is the 3rd Wednesday evening of the month**, is sponsored by Bridgeport Mayor Bill Finch, Stamford Mayor David Martin, and Norwalk Mayor Harry W. Rilling, and is run by the Connecticut Fair Housing Center and Homes Saved By Faith. Its location changes each month among the 3 cities. More information on the clinics (including times and locations) is available on *www.ctfairhousing.org* or by calling **1-888-247-4401.**

**Judicial Branch Foreclosure Volunteer Attorney Program:** Volunteer attorneys are available to give advice and answer questions about foreclosure at certain courthouses in the state. Homeowners facing foreclosure throughout Connecticut are welcome to attend. Call 860-263-2734 for additional information, or visit http://jud.ct.gov/volunteer_atty_prgm.htm.

**Foreclosure Manual for Self-Represented Homeowners:** The Connecticut Fair Housing Center publishes "Representing Yourself in Foreclosure: A Guide for Connecticut Homeowners," a free manual describing the foreclosure and mediation process for self-represented homeowners. Copies are available from CHFA/HUD-approved housing counselors, on *www.ctfairhousing.org*, or by calling the Center at 1-888-247-4401.

**Statewide Legal Services (SLS):** SLS provides free legal advice and referrals for callers qualifying for its services (guidelines include income limits). You can reach SLS by calling **1-800-453-3320 or 860-344-0380.**

**Court Service Centers:** In certain Superior Court locations, Court Service Centers provide public access computers, printers, fax machines, copiers, phones, and work space for self-represented parties. Refer to *www.jud.ct.gov*, and go to the **Quick Links** menu on the home page of the Judicial website for more information.

**Lawyer Referral Services:** County Bar Associations in Connecticut offer referral services that introduce homeowners to lawyers who can answer questions during an initial half-hour consultation. You can send an email with your questions and availability. Services beyond the 1st half-hour fee will be at the attorney's usual fee.

| County | Phone | Fee for 1/2 hour Consultation | Website | Email |
|---|---|---|---|---|
| Fairfield | 203-335-4116 | $35 | *www.fairfieldlawyerreferral.com* | fcba@conversent.net |
| Hartford* | 860-525-6052 | $25 | *www.hartfordbar.org* | hcba@hartfordbar.org |
| New Haven | 203-562-5750 | $35 | *www.newhavenbar.org* | NHCBAinfo@newhavenbar.org |
| New London | 860-889-9384 | $25 | *www.nlcba.org* | See website for contact form |

*The Hartford County Bar also covers Litchfield, Middlesex, Tolland, and Windham Counties.

**How Foreclosure Rescue Scams Work.** People in foreclosure are often the target of "foreclosure rescue scams." Be **very** careful of non-lawyers who ask you to pay a fee for counseling, loan modification, foreclosure prevention, or a "forensic audit" of your loan documents, **regardless of their promises or claims.** Many out-of-state attorneys target Connecticut residents: **you should never pay attorneys that you do not meet.** Contact the Department of Banking for more information at **1-877-472-8313** or visit *www.preventloanscams.org.*

**Mortgage Crisis Job Training Program.** The state-funded Mortgage Crisis Job Training Program is a project of The WorkPlace, Inc., in partnership with the Connecticut Housing Finance Authority (CHFA), Capital Workforce Partners, and Connecticut's workforce system. The Program helps homeowners increase their job skills and earning potential. It offers customized employment services, job training scholarships, financial literacy, and credit counseling. For information call **1-866-683-1682** or go to *www.workplace.org/mortgage.asp.*

**Financial Assistance Programs.** Connecticut's 12 Community Action Agencies (CAAs) help people meet immediate needs through services such as Eviction and Foreclosure Prevention, energy/heating assistance, food pantries, and weatherization. CAAs also empower people to improve their financial future through employment services, financial literacy training, and other programs. To locate your local CAA call the Connecticut Association for Community Action at **860-832-9438** or visit: *www.cafca.org/our-network.*

For more information on programs for homeowners facing financial distress, review the Department of Banking's materials on *www.ct.gov/dob* or call **1-877-472-8313.** You can also call Info line at 2-1-1 for resources.

(Page 1 of 7)



BK **1827** PG **1319-1325**

After recording, please return to: CHFA, 999 West St., Rocky Hill, CT 06067; Attn: Legal JH

**CONNECTICUT HOUSING FINANCE AUTHORITY**
**EMERGENCY HOMEOWNERS' LOAN PROGRAM**
**OPEN-END MORTGAGE**

THIS MORTGAGE is given on this 17th day of October, 2011, by Charlene Smith (collectively, the "Borrower"), residing at 243 Lawlor Street Unit 3C, New Britain, CT 06051

TO

Connecticut Housing Finance Authority (the "Grantee"), a body politic and corporate constituting a public instrumentality and political subdivision of the State of Connecticut, created by and existing pursuant to Chapter 134 of the Connecticut General Statutes having its principal office at 999 West Street, Rocky Hill, Connecticut 06067.

WHEREAS, Borrower is indebted to the Grantee in an amount not to exceed the principal sum of Fifty Thousand ($50,000.00) U.S. Dollars, which indebtedness is evidenced by the Borrower's note dated this date (the "Note"), providing for the payment of principal, when required pursuant to its terms, with the full debt, if not paid earlier, due and payable in accordance with the terms of the Note.

NOW THEREFORE, Borrower covenants and agrees as follows:

This Mortgage is given by the Borrower to the Grantee to secure any and all sums loaned by the Grantee on behalf of the Borrower pursuant to (i) Title I, the Emergency Homeowners' Relief Act, of the Emergency Housing Act of 1975, as amended (12 U.S.C. §§ 2701 et seq.), (ii) the Note, and (iii) the Emergency Homeowners' Loan Description Acknowledgement dated this date (the "Acknowledgment"). The definitions contained in Section I of the Acknowledgment are incorporated herein by reference. A copy of the Note is attached hereto and made part hereof as Exhibit B. The Acknowledgment is incorporated herein by reference as if it had been set out in its entirety.

The sums secured by this Mortgage are evidenced by the Note and include the following:

A. All sums advanced by the Grantee to satisfy Delinquent Mortgage obligations of the Borrower to the holder of the Delinquent Mortgage holding a lien on the real property described on Exhibit A attached hereto and made part hereof;

B. If applicable, all sums that will be advanced by the Grantee in the future on behalf of the Borrower to maintain such Delinquent Mortgage obligation(s) in current status;

C. Any related costs, fees, taxes or other expenses advanced on behalf of the Borrower by the Grantee; and

To secure the repayment of such sums, Borrower does hereby mortgage, grant and convey to the Grantee the following described real property, located in New Britain, Connecticut, which real property has the address of 243 Lawlor Street Unit 3C New Britain, Connecticut and is described as follows:

See Exhibit A attached hereto.

TOGETHER WITH all the improvements now or hereafter erected on the property, all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by the Mortgage and all of the foregoing, are herein referred to collectively as the "Property".

To have and to hold the Property unto the Authority and the Authority's successors and assigns forever.

1.  **BORROWER'S COVENANTS.** Borrower covenants that Borrower is lawfully seized of the Premises hereby conveyed and has the right to mortgage, grant, and convey the Premises and that the Premises is unencumbered except for encumbrances of record accepted by the Grantee. Borrower warrants and will defend generally the title to the Premises against all claims and demands, subject to any encumbrances of record accepted by the Grantee.

2.  **REPAYMENT.** No regular monthly payments are due under the accompanying Note. The accompanying Note is a zero interest, non recourse, deferred contingent liability. Principal on the Note and all other sums, which may or shall become due under the Note, shall be   immediately due and payable in full upon the occurrence of certain events of default as provided for in the Note and the Acknowledgment. In the event of default, Borrower acknowledges that the Grantee must terminate Emergency Assistance loan disbursements and may at any time thereafter take any legal action to enforce this Mortgage without any further restriction. The circumstances under which the Borrower is to repay sums loaned pursuant to the Note are set forth in the Note and the Acknowledgment.

In the event that there is more than one Borrower, the obligation of each shall be joint and several.

1                      Initials _____

use, or storage on the Premises of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses or to maintenance of the Premises.

Borrower shall promptly give the Grantee written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Premises and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory agency, that any removal or other remediation of any Hazardous Substance affecting the Premises is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 14, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 14, "Environmental Law" means federal laws and laws of the State of Connecticut that relate to health, safety or environmental protection.

15. **OPEN-END MORTGAGE.** This is an "OPEN-END MORTGAGE" and the Grantee and any other holder hereof shall have all of the rights, powers and protections to which the holder of any open-end mortgage is entitled. Grantee may, in its discretion, make future advances to Borrower. Any future advance shall be secured by this Mortgage. At no time shall the principal amount of the debt secured by this Mortgage exceed the original principal amount of the Note, nor shall the maturity of any future advances secured hereby extend beyond the maturity of the Note.

16. **RELEASE.** Upon payment and discharge of all sums secured by this Mortgage, this Mortgage shall become null and void and the Grantee shall release this Mortgage without charge to Borrower. Borrower shall pay any recordation costs.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Signed, sealed and delivered
in the presence of:

_____                    _____ (SEAL)
Witness   Smith J. John                     Charlene Smith

_____                    _____ (SEAL)
Witness   Kewerm. Frenlt                     Simon J. lebo

On this, the 17th day of October, 2011, before me, the undersigned officer, personally appeared Charlene Smith, as aforesaid signer(s) of the foregoing instrument, known to me as (or satisfactorily proven to be) the person whose name(s) is (are) subscribed to within instrument and acknowledged the same to be his/her/their free act and deed, before me.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public   Commissioner of Superior Court
(SEAL)          Simon J. lebo

3                    Initials _____



After recording, please return to:  CHFA, 999 West St., Rocky Hill, CT 06067; Attn:  Legal/AR

## ASSIGNMENT

Know all men by these presents, that CONNECTICUT HOUSING FINANCE AUTHORITY, a public instrumentality and political subdivision of the State of Connecticut, having an office at 999 West Street, Rocky Hill, Connecticut 06067 does hereby grant, bargain, sell, assign, transfer and set over to the Secretary of Department of Housing & Urban Development of Washington, D.C., his successors and assigns, with an address c/o DEVAL LLC, Westpoint 1, Suite 300, 1255 Corporate Drive, Irving, TX 75038, all interest in and to the following instruments executed by Charlene Smith (individually and, if applicable, collectively, "Borrower") in favor of the Connecticut Housing Finance Authority:

1. Mortgage dated October 17, 2011 and recorded in the land records of the town of New Britain, State of Connecticut in Volume 1827, Page 1319.

2. Emergency Homeowners' Loan Program – Loan Description Acknowledgment dated October 17, 2011 and recorded in the land records of the town of New Britain, State of Connecticut in Volume 1827, Page 1326.

3. Together with the Note secured thereby and any and all other documents executed by Borrower in favor of Connecticut Housing Finance Authority in connection with the above mentioned Mortgage.

IN WITNESS WHEREOF, the said Connecticut Housing Finance Authority has hereunto caused this instrument to be executed on its behalf on _October 11_, 2013.

Signed, Sealed and Delivered
in the presence of:

_Rebekah Rolle_
Rebekah Rolle

_Andy Rodriguez_
Andy Rodriguez

CONNECTICUT HOUSING FINANCE
AUTHORITY

By: _Susan Whetstone_
Susan Whetstone
Vice-President- Administration

STATE OF CONNECTICUT        )
                            )    ss.    Rocky Hill
COUNTY OF HARTFORD          )

The foregoing instrument was acknowledged before me on _October 11_, 2013 by _Susan Whetstone, Vice President- Administration_ of the Connecticut Housing Finance Authority, to be his/her free act and deed and the free act and deed of the Connecticut Housing Finance Authority.

_Rebekah Rolle_
Notary Public
REBEKAH L. ROLLE
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2017

Doc ID: 004260980006 Type: LAN
BK **1827** PG **1326-1331**

After Recording Return To:
Connecticut Housing Finance Authority
999 West Street, Rocky Hill, CT 06067
Attn: Legal (jph)

**EMERGENCY HOMEOWNERS' LOAN PROGRAM – LOAN DESCRIPTION ACKNOWLEDGMENT**

**THIS AGREEMENT** is made this 17th day of October, 2011, by Charlene Smith (collectively, the "Borrower"), of 243 Lawlor Street Unit 3C, New Britain, CT 06051 ("Premises").

**AND**

Connecticut Housing Finance Authority (the "Grantee"), a body politic and corporate constituting a public instrumentality and political subdivision of the State of Connecticut created by and existing pursuant to Chapter 134 of the Connecticut General Statutes having its principal office at 999 West Street, Rocky Hill, Connecticut 06067.

**RECITALS**

A. WHEREAS, the Grantee is the recipient of grant funds from the U.S. Department of Housing and Urban Development ("HUD"), made available under Title I, the Emergency Homeowners' Relief Act, of the Emergency Housing Act of 1975, as amended (12 U.S.C. §§ 2701 et seq.) (hereinafter the "Act").

B. WHEREAS, Borrower has been approved by the Grantee to receive the benefit of an Emergency Assistance loan pursuant to the Emergency Homeowners' Relief Act in the form of Emergency Mortgage Relief Payments to be provided by the Grantee for the purpose of making a payment of arrears or Monthly Mortgage Payments, or both, to Borrower's Servicing Institution on Borrower's behalf.

C. WHEREAS, Borrower gave a first lien mortgage to: Bank of America, N.A.

NOW THEREFORE, In consideration of the promises contained in this Acknowledgment, Borrowers intend to be legally bound and hereby agree as follows:

**I.   DEFINITIONS**

A. Acknowledgment means this Emergency Homeowners' Loan Program Loan Description Acknowledgment.

B. Approved Assistance Period means the period of time for which Borrower has been approved by the Grantee to receive the benefit of Emergency Mortgage Relief Payments, as defined in this section.

C. Area Median Income means the median income HUD uses in metropolitan and non-metropolitan areas to calculate income limits for eligibility in a variety of single family housing programs including the Emergency Homeowners' Loan Program.

D. Assistance Period means the duration, in months, of monthly Emergency Mortgage Relief Payments to be disbursed by the Grantee on the Borrower's behalf.

E. Delinquent Mortgage means that first lien mortgage (or other security device, pursuant to state law) which secures Borrower's principal residence and which otherwise meets the eligibility requirements of this Acknowledgment, as required under the Act.

F. Early Termination means the termination of Borrower's Assistance Period, as defined in this section, prior to the anticipated end of Borrower's Approved Assistance Period, as defined in this section, subject to the applicable provisions of this Acknowledgment, the Note, hereinafter defined, and the Mortgage, hereinafter defined.

G. Emergency Assistance means the Federal funds provided by the Grantee in the form of Emergency Mortgage Relief Payments, as defined in this section, for Borrower's benefit, as authorized by the Act.

H. Emergency Mortgage Relief Payment means that certain type of federal Emergency Assistance, as defined in this section, made available under the Act, provided by HUD to the Grantee, and obligated for Borrower's benefit for the purpose of making a payment of arrears or Monthly Mortgage Payments, or both, to the Servicing Institution on the Delinquent Mortgage on Borrower's behalf.

I. Income means aggregate household income. This means the total income of persons residing in the same household as the Borrower and any other resident of the household declared by the Borrower as a dependent  for federal tax purposes, from whatever source derived, including, but not limited to, pensions, annuities, retirement benefits and Social Security benefits, provided the Grantee may exclude from income (A) reasonable allowances for dependents, (B) reasonable allowances for medical expenses, (C) all or any part of the earnings of gainfully employed minors or family members other than the chief wage earner, (D) income not regularly  received, and (E) such other expenses as the Grantee may allow.

J. Monthly Mortgage Payment means the monthly amount of principal, interest, taxes, ground rents, hazard insurance, late charges, and mortgage insurance premiums, as applicable, due to be paid under the Delinquent Mortgage.

K. Servicing Institution means the entity that services the Delinquent Mortgage.

1                    Initials _CS_ _____

## II. GENERAL

A.  Borrower will accept and, if required, repay the Emergency Assistance loan made by the Grantee, in accordance with the terms and conditions of this Acknowledgment and the Note. As evidence of the Emergency Assistance loan, Borrower will sign a promissory note, hereinafter the "Note", payable to the Grantee and a mortgage, hereinafter the "Mortgage", in favor of the Grantee which will be recorded on the land records of the municipality in which the Premises is located as a lien against the Premises, the principal residence of the Borrower. This Acknowledgment, which will also be recorded on the land records of the municipality in which the Premises is located, the Note and the Mortgage are hereinafter referred to as the "Loan Documents".

B.  Borrower acknowledges that the obligation of the Grantee to make an Emergency Assistance loan is contingent upon Borrower meeting the eligibility requirements for receipt of Emergency Assistance. Borrower represents and warrants that Borrower meets the eligibility requirements for receipt of Emergency Assistance, as follows:

1)  Borrower resides in the Premises as Borrower's principal residence. The Premises is a single family residence (which means that it is a 1 to 4 unit residential structure or residential condominium);

2)  Borrower is financially unable to make the Monthly Mortgage Payment on the loan secured by the Delinquent Mortgage, because of Borrower being involuntarily unemployed or underemployed as the result of adverse economic conditions or having suffered a loss of income due to medical conditions, as determined by the Grantee;

3)  Borrower has, as of the date of application for Emergency Assistance, Income that is equal to, or less than, 120 percent of the Area Median Income (AMI) as determined by the Grantee, for the area in which the Premises is located;

4)  Borrower has current Income that is at least 15 percent lower than the Borrower's Income prior to the date that the Borrower became unemployed or underemployed, or suffered a medical condition that resulted in Borrower's reduction in Income;

5)  Borrower and/or Borrower's Servicing Institution has provided evidence satisfactory to the Grantee indicating that Borrower is at least three (3) months delinquent on payments on the Delinquent Mortgage, and that foreclosure is imminent. Borrower or the holder of the Delinquent Mortgage has provided the Grantee written certification that circumstances make it probable that there will be a foreclosure and that the Borrower is in need of Emergency Assistance;

6)  Borrower is reasonably likely to be able to resume repayment of the Monthly Mortgage Payment, and meet other housing expenses and debt obligations, when Borrower's Approved Assistance Period ends, and/or Borrower regains full employment, as determined by the Grantee's criteria; and

7)  Borrower is eligible to receive a federal public benefit under Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, 8 U.S.C. § 1611 (hereafter PRWORA). Borrower is a citizen, non-citizen national, or qualified alien under 8 U.S.C. §§ 1401, 1408, or 1641(b), respectively.

C.  Borrower acknowledges the Grantee's right to terminate Borrower's Assistance Period and exercise any available remedies, in the event of any of the following events of default by Borrower:

(1)  Fraud in connection with this transaction;

(2)  Breach of any term of this Acknowledgement;

(3)  Breach of any term of the Mortgage or the Note;

(4)  Breach of any term of the Delinquent Mortgage;

(5)  Borrower no longer maintains the Premises as his/her principal place of residence;

(6)  Borrower sells, leases, or otherwise transfers the Premises or any interest in the Premises (except (i) the lease of a unit other than Borrower's residence in a multi-unit single family residence, provided that Borrower reports the change in Income resulting from the lease to the Grantee, (ii) the creation of a lien or encumbrance subordinate to the Mortgage, (iii) the creation of a purchase money security interest for household appliances, or (iv) transfer by operation of law upon the death of a joint tenant); or

(7)  Borrower refinances, in which Borrower draws cash, any loan secured by the Delinquent Mortgage.

2                    Initials _CS_    _____

### III. THE GRANTEE AGREES THAT:

A. The Grantee will make a payment to Bank of America, N.A. in the amount of $5,118.05. This payment represents a full and complete satisfaction of all Delinquent Mortgage payments, late charges, interest, real estate taxes, costs and fees owed by the Borrower on the note secured by the Delinquent Mortgage through 10/31/2011.

B. Subject to Borrower meeting the eligibility requirements for an Emergency Assistance loan and being in compliance with the terms and conditions of the Loan Documents, and subject to the Grantee's receipt of sufficient funding from HUD, the Grantee will make additional monthly Emergency Mortgage Relief Payments to Borrower's Servicing Institution on the Delinquent Mortgage account of the Borrower for a period not in excess of twenty-four (24) consecutive months, beginning November, 2011.

The amount of monthly Emergency Mortgage Relief Payments to be made by the Grantee in Borrower's behalf will be $358.59. This amount may be changed from time to time by the Grantee based upon information obtained by the Grantee including, without limitation, financial information submitted by the Borrower.

C. The total amount of all Emergency Mortgage Relief Payments made by the Grantee to the Servicing Institution on account of the Delinquent Mortgage shall not exceed $50,000.00.

D. In the absence of an event of default under this Acknowledgment, the accompanying Note, or the accompanying Mortgage, the outstanding balance owed under the Note shall decline by twenty percent (20%) per annum beginning on the first (1st) anniversary of the end of Borrower's Assistance Period and upon each of the successive four (4) anniversaries, until the outstanding balance owed under the Note reaches zero ($0) dollars.

E. The Emergency Homeowners' Loan may be prepaid at any time, without penalty.

F. The Grantee has provided Borrower with a copy of the Privacy Act Statement.

### IV. BORROWER AGREES THAT:

A. Borrower shall make monthly payments to the Grantee in the amount of $322.61 to be applied towards the Monthly Mortgage Payment. Borrower's payments shall begin on 10/17/2011 and shall continue to be made by the Borrower to the Grantee no later than fifteen (15) days prior to the first day of each month thereafter until 09/15/2013, unless otherwise determined by the Grantee in accordance with the terms of the Act. Borrower's monthly payments must be received by the Grantee no later than seven (7) days after the date on which they are due. The amount of Borrower's monthly payments to the Grantee may be changed by the Grantee based upon information obtained by the Grantee including, without limitation, financial information submitted by the Borrower.

B. No regular monthly payments are due under the accompanying Note. The accompanying Note is a zero interest, non recourse, deferred contingent liability. Principal on the Note and all other sums, which may or shall become due under the Note, shall be immediately due and payable in full upon the occurrence of certain events of default, as provided for in Paragraph V of this Acknowledgment. In the event of default, Borrower acknowledges that the Grantee must terminate Emergency Assistance loan disbursements and may at any time thereafter take any legal action to enforce its mortgage without any further restriction.

C. If Borrower is required to make repayment, Borrower will repay the Emergency Assistance loan to the Grantee, as well as all future advances made pursuant to this Acknowledgment or its accompanying Note and Mortgage. Borrower will repay all such sums immediately upon notification by the Grantee that Borrower is obligated to make repayment.

D. Borrower will (i) furnish the Grantee with financial statements and information and meet with the Grantee when requested, (ii) immediately notify the Grantee of any change in Borrower's principal residency, employment, income, or other financial circumstances, including any proposed sale, lease, cash-out refinance or other transfer of the Premises or any interest therein, and (iii) certify to his/her current Income from time to time, in a form prescribed by the Grantee.

E. Borrower will keep the Premises insured against (i) fire and other hazards, (ii) liability on account of injury to persons and property, and (iii) flood, if the Premises was required to be insured against flood at the time Borrower accepted the loan secured by the Delinquent Mortgage, and furnish annually to the Grantee proof thereof. All insurance policies will be in amounts, from and with companies satisfactory to the Grantee, will name the Grantee as additional mortgagee and loss payee, and will provide for not less than ten (10) days notice to the Grantee prior to termination or cancellation thereof. If Borrower's insurance on the Premises has been allowed to lapse, Borrower will reinstate such insurance no later than the effective date of this Acknowledgment.

F. Borrower covenants that Borrower will comply with all requirements of the Delinquent Mortgage and the note secured by the Delinquent Mortgage, the Note, the Mortgage, the Emergency Assistance loan, this Acknowledgment, as well as any amendments thereto.

3                     Initials _____  _____

**V.   THE GRANTEE'S REMEDIES UPON DEFAULT**

A.   Borrower acknowledges that upon the occurrence of an event of default, the Grantee may exercise any of the following rights, as applicable: [1]

(1)   The Grantee must suspend the making of future Emergency Mortgage Relief Payments until Borrower takes such action to cure the default as the Grantee reasonably requires.

(2)   If the Borrower has engaged in fraud in connection with this transaction, the Grantee may declare the entire unpaid balance of the Emergency Assistance loan immediately due and payable.  If Borrower fails to pay this amount, the Grantee may foreclose the Emergency Assistance loan.

(3)   If the Borrower has engaged in fraud in connection with this transaction, the Grantee and/or the United States, may pursue any available remedy, civil or criminal, to the fullest extent of the law.

(4)   The entire unpaid balance of the Emergency Assistance loan shall be payable upon sale, lease, cash-out refinance or other transfer of the Premises (except (i) a lease of a unit other than Borrower's residence in a multi-unit home, provided the Borrower reports the change in income from the lease to the Grantee, (ii) the creation of a lien or encumbrance subordinate to the Mortgage, (iii) the creation of a purchase money security interest for appliances, or (iv) transfer by operation of law upon the death of a joint tenant).

(5)   The Grantee may exercise any additional remedies allowed under the Note and the Mortgage.  An event of default under this Acknowledgment will also be a default under the Note and the Mortgage.

B.   Borrower acknowledges that upon the occurrence of an event of default, the choice of remedy is within the Grantee's sole discretion.  The selection of a particular remedy, or the decision to take no action, will not prevent the Grantee from pursuing any available remedy in the future or in the event of another event of default.

C.   Borrower covenants that Borrower will pay all of the Grantee's costs, including but not limited to, attorney's fees, actually incurred in the curing of an event of default or in the enforcement of any provisions of this Acknowledgment, the accompanying Note and Mortgage.

**V.   MISCELLANEOUS**

A.   **Representations and warranties.**  Borrower represents and warrants to the Grantee that:

(1)   Title and Occupancy:  Borrower has good and marketable title to an estate in fee simple to the Premises, the Premises is not subject to any lien or encumbrance excepting those existing on the date hereof and approved by the Grantee, and the Borrower occupies the Premises as his/her principal place of residence.

(2)   Financial Information:  The financial statements of the Borrower delivered to the Grantee in connection with the Emergency Assistance loan correctly represent the current financial condition of the Borrower and since the date of such financial statements, there has been no material change in the financial condition of the Borrower.

(3)   Authority.  Borrower has the authority and legal capacity to enter into this Acknowledgment, execute the Acknowledgment, the accompanying Note and Mortgage, and carry out all obligations under these documents.

(4)   Pending Litigation.  There are no suits or other legal actions pending against Borrower or the Premises in any court or before any governmental commission, board, or agency, except as have been disclosed in writing to the Grantee.

(5)   Threatened Litigation.  Borrower is not aware of any threatened legal action against Borrower or the Premises, except as have been disclosed in writing to the Grantee.

(6)   Condition of Premises.  The Premises has not suffered damage by fire, flood or other casualty, except as otherwise disclosed in writing to the Grantee, and has not suffered physical deterioration significantly in excess of what would be reasonably expected for a residence of similar age.

B.   **No Waiver.**  No course of dealing between the Grantee with the Borrower, nor any forbearance, delay or omission on the Grantee's part in exercising any rights under the Emergency Assistance loan documents shall operate as a waiver of any rights or remedies by the Grantee.  A waiver on one or more occasions shall not be construed as a waiver on any other occasion.

C.   **Notices.**  Any notice(s) required to be given pursuant to this Acknowledgment may be given by first class, registered or certified mail.  Notices shall be sent to the addresses indicated hereinafter, postage prepaid, unless either party notifies the other in writing of a change in address.

4                     Initials _C̲S̲_  _____

Notice to Borrower:

243 Lawlor Street Unit 3C
New Britain, CT 06051

Notice to the Grantee
with a copy to General Counsel:
Connecticut Housing Finance Authority
999 West Street
Rocky Hill, Connecticut 06067

D.  **Remedies.** In the event of default by Borrower, the remedies provided in this Acknowledgment shall be in addition to any remedies provided for by law or in the accompanying Note and Mortgage.

E.  **Governing Law.** This Acknowledgment shall be governed by and construed in accordance with the laws of the State of Connecticut.

F.  **No Assignment.** Neither this Acknowledgment nor any of the rights, interest or obligations hereunder shall be assigned by the Borrower.

G.  **Successors and Assigns.** This Acknowledgment shall inure to the benefit of the Grantee and its successors and assigns. Upon assignment by the Grantee, the word Grantee, as used herein, shall mean the successors and assigns of the Connecticut Housing Finance Authority. The obligations contained in this Acknowledgment are binding on the heirs, executors, administrators and successors of the Borrower.

H.  **Severability.** If any provision of this Acknowledgment conflicts with applicable law, such conflict shall not affect other provisions of this Acknowledgment which can be given effect without the conflicting provision.

I.  **Headings.** Paragraph or other headings contained in this Acknowledgment are for reference purposes only and are not intended to affect in any way the meaning or interpretation of this Acknowledgment.

J.  **Joint and Several Obligations.** In the event that this Acknowledgment has been entered into by two or more persons as the Borrower, the obligations herein are joint and several obligations of each Borrower.

K.  **Amendment or Modification.** Amendment to or modification of this Acknowledgment will be effective only if in writing and signed by Borrower and the Grantee, or the Grantee's respective successors or assigns.

L.  **Gender.** The use of the masculine gender herein shall also be applicable to the feminine gender, as the case may be.

M.  **Time of Essence.** Time is of the essence of each and every provision of this Acknowledgment.

N.  **Entire Acknowledgment.** This Acknowledgment constitutes the entire Acknowledgment between the parties with respect to the subject matter hereof, and no representation, Acknowledgment or undertaking of any kind not set forth herein shall be binding on the Grantee. This Acknowledgment may not be changed orally, but only in writing, signed by all parties.

IN WITNESS WHEREOF, the Borrower has caused this Acknowledgment to be duly executed and delivered as of the day and year first above written.

WITNESS:                                      Charlene Smith

_____                       _____

WITNESS:

_____                       _____

_____                       _____

WITNESS:                                      CONNECTICUT HOUSING FINANCE AUTHORITY
THE GRANTEE:

_____                       By _____
Rebekah Rolle                                    Name: Dara Kovel
_____                          Title: Chief Housing Officer
Robin Ann Thomas

                                5            Initials _____

STATE OF CONNECTICUT    } ss: _Glastenbury_

COUNTY OF _Hartford_    }

On this, the _17_ day of October, 2011, before me, _Simon J. Lebo_ the undersigned officer, personally appeared _Charlene Rush_, as aforesaid signer(s) of the foregoing instrument, known to me as (or satisfactorily proven to be) the person whose name(s) is (are) subscribed to within instrument and acknowledged the same to be his/her/their free act and deed, before me.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Commissioner of the Superior Court
Notary Public _Simon J. Lebo_
(SEAL)

STATE OF CONNECTICUT    )
    ) ss: Rocky Hill  _10/18_    , 2011
COUNTY OF HARTFORD    )

Personally appeared, _Dara Kovel_, _Chief Housing Officer_ of the CONNECTICUT HOUSING FINANCE AUTHORITY, duly authorized as aforesaid Signer and Sealer of the foregoing Instrument and acknowledged the same to be his/her free act and deed and the free act and deed of said Authority, on behalf of said Authority, before me.

Commissioner of the Superior Court
Notary Public _expires 10/31/13_

-6-

Initials _____

Received for Record at New Britain, CT
On 10/27/2011 At 2:46:34 pm

Town Clerk

(Page 1 of 1)

VOL 1427 PAGE 0567                    12042

## CERTIFICATE OF CHANGE OF NAME

TO WHOM IT MAY CONCERN:

Be it known that **CHARLENE SJOVALL**, of the Town of Berlin, County of Hartford and State of Connecticut, owning property in the Land Records of the Town of New Britain, County of Hartford and State of Connecticut, in the name of **CHARLENE SMITH**, which has been changed to **CHARLENE SJOVALL**, by divorce, has duly acknowledged this Certificate and given it for record in compliance with Section 47-12 of the General Statutes of Connecticut (Revision of 1958).

Dated at New Britain, Connecticut this 26TH day of September, 2002.

WITNESSES:

_Mary E. Schmitt_                          _Charlene Sjovall_
MARY E. SCHMITT                            **CHARLENE SJOVALL**

_Stephen L. Mangan_
STEPHEN L. MANGAN

STATE OF CONNECTICUT :
                              ss.  New Britain        September 26, 2002
COUNTY OF HARTFORD :

Personally appeared, **CHARLENE SJOVALL**, signer of the foregoing instrument, and acknowledged the same to be her free act and deed before me.

WITNESS my signature this 26th day of September 2002.

_Stephen L. Mangan_
STEPHEN L. MANGAN
Commissioner of the Superior Court

RECEIVED
TOWN CLERKS OFFICE
NEW BRITAIN CT
2002 SEP 26  A 11: 50

_Peter G. Denya Jr._
TOWN CLERK

Book:1427,Page:567

United States Postal Service®

**Sorry We Missed You! We Re Deliver for You**

Sender's Name: Caliber

Today's Date: 1/26

**For Redelivery**
Go to *usps.com/redelivery*
or see reverse

☑ If checked, you or your agent must be present at time of delivery to sign for item.

USPS Tracking # or Article Number(s)

9307 1100 1700 7850 5696 768

**Item is at:**
— Post Office™ (See back)

Available for Pick-up After
Date:
Time:

**For Delivery:** (Enter total number of items delivered by service type.)

**For Notice Left:** (Check applicable item)
— Priority Mail
— Express™
— Insured Mail
— Return Receipt for Merchandise
✓ Certified Mail™ (Must claim within 15 days or article will be returned)
— Adult Signature
— Restricted Delivery
— Signature Confirmation™
— Registered Mail™

— Letter
— Large envelope, magazine, catalog, etc.
— Parcel
— Perishable Item
— Other:

**Notice Left Section**
Customer Name and Address
Smith
243 Lawlor 3C

Delivered By and Date

Article Requiring Payment
☐ Postage Due   ☐ COD   ☐ Customs
Amount Due $

☑ **Final Notice:** Article will be returned to sender on 1/31

*usps.com*

PS Form **3849**, July 2013     Delivery Notice/Reminder/Receipt

CERTIFIED MAIL

NOTIFIED

JAN 0 2 2015

KNN-SP2 06051

# EXHIBIT - 2

FROM :                          FAX NO. :                    Oct. 27 2015 09:26PM P1

# OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY

Julia R Lewis
AVP Claims Administrator | Corporate Legal
1408 N. Westshore Blvd., Suite 900, Tampa, FL 33607
T: 813.514.2980 | F: 813.434.2460
jlewis@oldrepublictitle.com

October 21, 2015

Charlene Smith
243 Lawlor St Apt 3C
New Britain, CT 06051

Re:     ORT Claim #204493 / Mortgage with Caliber Home Loans

Dear Ms. Smith:

I am contacting you at the request of our insured lender, H & R Block Mortgage, now Caliber Home Loans, in connection with your mortgage from August 2005, which is secured by the property at 243 Lawlor St Apt 3C, New Britain, CT.

It has been brought to our attention that the mortgage that was signed in 2005 is lost and was never recorded in the New Britain Town records. It is necessary for you to execute the enclosed Re-Acknowledgment of Mortgage so that it can be recorded at this time.

Please execute the enclosed in front of two witnesses and notary of your choosing. Please be sure that the notary public impresses his/her seal onto the document. I have enclosed a pre-paid return envelope for your use in returning the document to our office.

Old Republic will reimburse you for any costs you may incur. Simply provide a receipt and we will immediately process a check for you. We will also reimburse you for your time and inconvenience in the interest of resolving this matter timely. *If the complete, signed document is returned to my office before Friday, November 20, 2015, compensation will be provided to you in the amount of $500.00.* Please sign and return the attached W9 so that I can process the check.

Compensation is being provided to avoid the costs of a lawsuit against you to establish the mortgage.

If you have any questions or concerns, please contact me right away. Thank you in advance for your anticipated cooperation.

Sincerely,

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, by

Julia Lewis
Claims Administrator

*enclosures*

OLD REPUBLIC INSURANCE GROUP

# EXHIBIT - 3

```
NO. HHB-CV-186042999S          :   SUPERIOR COURT

U.S. BANK TRUST, N.A.
AS TRUSTEE FOR LSF9 MASTER     :   JUDICIAL DISTRICT
                                   OF NEW BRITAIN
v.                             :   AT NEW BRITAIN, CONNECTICUT

SMITH, CHARLENE
A/K/A CHARLENE SJOVALL         :   DECEMBER 02, 2019
```

## C E R T I F I C A T I O N

    I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-refeŕenced case, heard in Superior Court, Judicial District of New Britain, New Britain, Connecticut, before the Honorable JOSEPH M. SHORTALL, Judge, on the 02nd day of December 2019.


    Dated this 10th day of August 2022 in New Britain, Connecticut.


Iris Aguado
Court Recording Monitor II

1    ATTY. AVALLONE:  I've had a chance to review it,

2 and I'm prepared to go forward.

3    THE COURT:  I beg your pardon?

4    ATTY. AVALLONE:  I've had a chance to review it,

5 and I'm prepared to go forward.

6    THE COURT:  Okay. Your motion I think is a

7 standard –

8    ATTY. AVALLONE:  It is, Your Honor.

9    THE COURT:  – motion for summary of judgment.

10    ATTY. AVALLONE: ˉ I –

11    THE COURT:  I haven't read the objection. Let me

12 just take a look at the objection that Attorney

13 Merced filed this morning.

14    ATTY. MERCED:  It's rather lengthy.

15    THE COURT:  I say it is.

16    ATTY. MERCED:  Mostly the exhibits.

17    THE COURT:  So your first sentence says, "The

18 defendant objects because her liability was

19 discharged on bankruptcy under or on about August 13,

20 2014". And then you have a number of facts and other

21 allegations.  So you've read that right, Mr.?

22    ATTY. AVALLONE:  Yes, Your Honor.

23    THE COURT:  Will you respond?

24    ATTY. AVALLONE:  It – to that question first or

25 to everything?

26    THE COURT:  Well, that seems to be the basis of

27 the motion.

1    ATTY. AVALLONE:  So I would – I would agree that

2    the borrower received a Chapter 7 discharge but the

3    law is well settled that receiving a discharge

4    doesn't affect a plaintiff's banks in rem rights. I

5    don't think she – I don't think she disagrees with

6    that either. We pretty much agree in the facts really

7    where it is – what she is raising as a defense in her

8    objection is a violation for bankruptcy discharge

9    injunction. So what she's saying is that there – she

10   received the discharge and it already wasn't recorded

11   and due to these technical bankruptcy arguments about

12   how they were scheduled and how they were represented

13   in the Bankruptcy Court we don't have a right to

14   foreclose. What I say is, grant summary judgment let

15   her go to the Bankruptcy Court make this argument in

16   Bankruptcy Court or in Federal Court get an order,

17   get a decision. And if that Bankruptcy Judge says or

18   a Federal Judge says, "No, you don't have the right

19   to foreclose" then it stops our foreclosure. She has

20   other remedies. She's choosing to use it as a defense

21   with summary judgment. I don't think it's the right

22   venue.

23   THE COURT:  You agree Attorney Merced that at

24   least generally speaking the fact that the debt was

25   discharged in bankruptcy doesn't preclude foreclosure

26   on the property.

27   ATTY. MERCED:  Generally speaking, Your Honor.

1      But latching on to counselor's argument if a - if we

2      agree with what we're saying this summary judgment

3      should not even be granted. The difference between

4      any regular bankruptcy, any other regular bankruptcy

5      case starts with the fact that the mortgage was not

6      recorded at the time of bankruptcy. The bankruptcy

7      was never recorded that's number one.

8          THE COURT:  You mean the mortgage was never

9      recorded.

10         ATTY. MERCED:  The mortgage, I apologize. The

11     mortgage was never recorded number one. So it was a

12     non-recorded mortgage. It was listed and then

13     scheduled as a bankruptcy as an unsecured debt. The

14     trustee because the property had value and the debtor

15     had assets - found assets and sent a notice of assets

16     founds to the creditors of which the bank found -

17     received notice. Therefore, there was a motion to

18     compromise filed in court whereby my client paid over

19     a $1,000 to - for everyone that filed that claim in

20     court asking for what was owed and she paid that

21     money. So she paid to keep her assets so - and there

22     was a payment scheduled and it was fully administered

23     by the Bankruptcy Court. So this is where this case

24     is different. It's not a regular foreclosure case.

25     It's not a regular bankruptcy case. Yes, my client

26     received her Chapter 7 bankruptcy, but she paid for

27     it. She had to pay money to compromise her Estate to

1   be able to keep her Estate and that's the difference.

2   THE COURT:  Well, I mean. A lot of bankruptcies

3   involve some payments on some of the liabilities that

4   are scheduled in the bankruptcy.

5   ATTY. MERCED:  But the majority -

6   THE COURT:  So why is this different?

7   ATTY. MERCED:  The majority of Chapter 13 do,

8   Your Honor. This was a Chapter 7.

9   THE COURT:  Yeah?

10   ATTY. MERCED:  Where the Trustee assigned to the

11   matter Trustee Boscarino (phonetics) noticed everyone

12   on the case; all of the creditors. And if you don't

13   file a proof of claim and you don't get your claim

14   recommends by the Court, you're abandoning your

15   claim. It was an unsecured debt at that time. It's

16   not as it was not secured. Therefore, their claim

17   just because they filed an affidavit that - of the

18   mortgage does not mean that they now can reinvent the

19   wheel and say, "We had a secure debt at that time".

20   It doesn't work that way.

21   THE COURT:  Why wasn't a secured debt? Was it an

22   outstanding mortgage?

23   ATTY. MERCED:  It was an outstanding mortgage

24   that was never recorded, Your Honor.

25   THE COURT:  Does that make it invalid? Do you

26   have to record every mortgage?

27   ATTY. MERCED:  Yes.

6

1    THE COURT:  Yeah?

2    ATTY. MERCED:  It is my opinion that this – yes

3    you do. I believe – I do put it in my documents that

4    you do – one of the requirements is recordation of

5    the mortgage. Because in that way you are giving

6    notice to the world that there is a mortgage on the

7    property. And Your Honor, if they –

8    THE COURT:  Well, I mean it does serve that

9    function to be sure but the fact that is not recorded

10   in your view is that makes the mortgage invalid?

11   ATTY. MERCED:  I – it is secured when it is

12   finally put in place, Your Honor. And one of the

13   requirements is recording that mortgage. It is listed

14   in the bankruptcy schedule as a non-secured mortgage.

15   The creditor never fought that qualification of the

16   debt, and the Court has now rule it is an unsecured

17   claim.

18   THE COURT:  The Bankruptcy Court?

19   ATTY. MERCED:  The Bankruptcy Court. So if

20   anything, they would have to go back to Bankruptcy

21   Court to reopen the case and we establish their claim

22   as a secured claim if anything. I don't think at this

23   point they can say, "No, it was a secured claim right

24   now" when it's already determined to be unsecured

25   because they did not fight the change – the type of

26   determination that the debt was in and so they

27   abandoned that claim.

1    ATTY. AVALLONE:  Your Honor, if I get - There's
2    two despotic features that this entire case falls on.
3    One, under a Title Fairly State which Connecticut is,
4    does a failure to record a mortgage make it unsecured
5    for purposes of a bankruptcy? I think that the law is
6    settled that is not. It's in both our briefs. It's
7    that PJR case. I can't remember the name of the case.
8    Your Honor can read that case. That is your proof and
9    will fall in that argument. The second is a technical
10   bankruptcy argument which is if you schedule a debt
11   as a debtor and give a creditor notice is that
12   binding at a State Court action? And I think that is
13   for a Bankruptcy Court Judge to decide because it's a
14   technical argument and I'm not saying Your Honor
15   could not. It's just from a jurisdictional point of
16   view she needs to go to Bankruptcy Court and get an
17   order and saying, "not me. I don't need you to open
18   the case. I have a recorded mortgage and I'm
19   following Connecticut law". She's making a technical
20   bankruptcy argument which if she could - goes in
21   Bankruptcy Court that's fine but I don't think she
22   can make that argument here.
23       THE COURT:  There came a time when in the - when
24   the mortgage was recorded?
25       ATTY. AVALLONE:  Yes, Your Honor.
26       THE COURT:  And that was after -
27       ATTY. AVALLONE:  After the discharge.

1    THE COURT:  - the bankruptcy?

2    ATTY. AVALLONE:  Yes.

3    THE COURT:  After the discharge of the

4    bankruptcy.

5    ATTY. AVALLONE:  After the discharge.

6    THE COURT:  Okay.

7    ATTY. MERCED:  Was it the mortgage or just an

8    affidavit that there was someone(inaudible).

9    ATTY. AVALLONE:  Well, it's almost the actual

10   original mortgage. We filed a 47-12a Affidavit, which

11   really - and I want to make the argument that the 47-

12   12 Affidavit perfects a security interest. What it

13   does is it gives other creditors notice a base for

14   her to say, "Hey, you can't go refinance this on a

15   common property because there is actually a mortgage

16   on the property it's just not recorded yet". That's

17   the purpose of the 47-12 Affidavit.

18   THE COURT:  Let me ask you this question

19   Attorney Merced. It doesn't really go to the merits

20   of it but, this motion for summary judgment was filed

21   on September the 13th, why is it that you are just

22   filing an objection this morning?

23   ATTY. MERCED:  Well -

24   THE COURT:  You have been in this case for

25   months.

26   ATTY. MERCED:  Yes, Your Hondr. I filed it on

27   Saturday, actually. I had not gotten - I apologize,

1    Your Honor. But it took me a while to get through it

2    and through the research I had to do.

3        THE COURT:  Okay. Well, obviously I haven't —

4    you just e-filed it and I just haven't read it

5    through. It's a hundred and sixty-one pages.

6        ATTY. MERCED:  Yes, Your Honor.

7        THE COURT:  So, I'm going to take the papers. Do

8    you want to file anything in response to the

9    objection, counselor?

10       ATTY. AVALLONE:  Your Honor, I —

11       THE COURT:  I mean, you've already filed a

12   memorandum in support of the motion.

13       ATTY. AVALLONE:  I think the paper — I think

14   it's brief. I anticipate that the arguments — I think

15   they're brief. I would just — if I could bring up one

16   small point Your Honor. Is that if Your Honor denies

17   summary judgment as a matter of law on the bankruptcy

18   issue, if we're back here in four months as a trial

19   it's the same argument.

20       THE COURT:  The same issue.

21       ATTY. AVALLONE:  And I don't — I don't know how

22   I would litigate the same argument.

23       THE COURT:  Was this plead? This issue that you

24   are raising by way of an objection to summary

25   judgment, I see there's an answer was filed way back

26   in —

27       ATTY. MERCED:  Yes, Your Honor. And —

10

1        THE COURT:  In May 2018. It says by the Court. I

2   don't know what that means.

3        ATTY. MERCED:  And the plaintiff does reference

4   the - the answer and the special defenses throughout

5   their brief as well.

6        THE COURT:  I see. So there's a - okay. So you

7   don't want - you're not asking to file something in

8   response?

9        ATTY. AVALLONE:  No, Your Honor.

10       THE COURT:  Okay, all right. Well, I'll take the

11  papers.

12       ATTY. MERCED:  Thank you, Your Honor.

13       ATTY. AVALLONE:  Thank you, Your Honor.

# EXHIBIT - 4

EXHIBIT A

Return to: Bendett & McHugh Pc
Page 1 of 25      Attorneys At Law
                  Attn: Patty Tzetzo
                  270 Farmington Ave  Suite 151, Farmington, CT 06032

AFFIDAVIT PURSUANT TO § 47-12(a) OF THE CONNECTICUT GENERAL STATUTES

Doc ID: 006001860026 Type: LAN
BK **1984** PG**708-732**

I, the undersigned, being duly sworn, hereby depose and say as follows:

1.   I am over the age of eighteen (18) years, and believe in the obligations of an oath.

2.   I am an employee at Caliber Home Loans, Inc., the servicer of the mortgage loan described below,
and I am familiar with the facts set forth in this affidavit.

3.   On August 19, 2005, Charlene Smith executed a mortgage (the "Mortgage") in favor of Mortgage
Electronic Registration Systems, Inc., as nominee for H&R Block Mortgage Corporation, its successors
and assigns securing property known as 243 Lawlor Street, 3C, New Britain, Connecticut, more
particularly described in Exhibit A attached hereto and made a part hereof.

4.   U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the current holder of the
Note (the "Note") secured by said Mortgage. A true and accurate copy of the Note is attached hereto as
Exhibit B.

5.   Due to an error and mistake, the Mortgage was not recorded on the New Britain Land Records, and
the loan secured thereby remains due and payable. A true and accurate copy of the Mortgage Deed is
attached hereto as Exhibit C.

6.   The names of the persons appearing of the record to be the owner of the property at the time of the
execution and recording of this affidavit are Charlene Smith.

Dated at _San Diego_ (town), _CA_ (state), this _20_ day of _December_,
2017.

U.S. Bank Trust, N.A., as Trustee for LSF9 Master
Participation Trust, by Caliber Home Loans, Inc.,
as its attorney in fact

By: _____   Kolette Modlin
Its                           Authorized Officer

_____
Witness

_____
Witness

State of _____ )
                           ) ss. (town / city) _____
County of _____ )
                                              **See Attached**
On this the _____ day of _____, 2017, before me, _____

**Vol: 1984 Page: 708 Seq: 1**

Page 2 of 25

(name of notary), the undersigned officer, personally appeared _____ (name of officer), who acknowledged themselves to be the _____ (title of officer) of _____ (name of corporation) a corporation, and that they as such _____ (title of officer), being authorized so to do executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by themselves as _____ (title of officer).

In witness whereof I hereunto set my hand.

_____
Signature of Notary Public
Date Commission Expires:

*See Attached*

**Vol: 1984 Page: 708 Seq: 2**

Page 3 of 25

## ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity
of the individual who signed the document, to which this certificate is attached,
and not the truthfulness, accuracy, or validity of that document.

State of California
County of _San Diego_____ )

On ___DEC 2 0 2017_____ before me, ____Jennifer Scott, Notary Public_____
                                            (insert name and title of the officer)

personally appeared _____Kolette Modlin_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

JENNIFER SCOTT
Notary Public – California
San Diego County
Commission # 2211778
My Comm. Expires Aug 27, 2021

Signature _____ (Seal)
Jennifer Scott, Notary Public

# EXHIBIT - 5

Doc ID: 008043970001 Type: LAN
BK 1869 PG 247

Recording Requested By:
Bank of America
Prepared By: Diana De Avila
800-444-4302
When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-9823

DocID# 4001049240781452
Property Address:
243 Lawlor St Unit 3C
New Britain, CT 06051-1163
CT08A-AM   23374907   6/18/2013   BK01

MIN #: 100197307110079779          This space for Recorder's use          MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, (herein "Assignor"), whose address is P.O. Box 2026, Flint, MI 48501-2026, AS NOMINEE FOR H&R BLOCK MORTGAGE CORPORATION and its successors and assigns hereby assign and transfer to BANK OF AMERICA, N.A (herein "Assignee"), whose address is C/O BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063, and its successors and assigns all its right, title, and interest in and to a certain Mortgage described below.

Original Lender:           MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
                          FOR H&R BLOCK MORTGAGE CORPORATION
Borrower(s):              CHARLENE SMITH A SINGLE WOMAN
Date of Mortgage:         11/30/1998
Original Loan Amount:     $76,000.00
Recorded in New Britain Township, CT on: 11/30/1998, book 1291, page 937 and instrument number N/A

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR H&R BLOCK
MORTGAGE CORPORATION

By: _____
    Miguel Romero Vice President

Date    JUN 13 2013

Witness: _____        Witness: _____
         Taisha Wallace                          Martha Munoz

State of California
County of Ventura

On __JUN 13 2013__ before me, _____Danya Bucaro_____, Notary Public, personally appeared
__Miguel Romero__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(Seal)          DANYA BUCARO
                Commission # 1880386
                Notary Public - California
                Los Angeles County
                My Comm. Expires Mar 16, 2014

Notary Public: _____Danya Bucaro_____
My Commission Expires: ___March 16, 2014___

Received for Record at New Britain, CT
On 07/02/2013 At 12:25:20 pm
_____
Town Clerk

New Britain, CT
Mark H. Bernacki Town Clerk
27 West Main St
New Britain, CT 06051
Phone Number: (860)826-3344

Official Receipt: 2022-00000245
Printed on 01/07/2022 at 11:32:16 AM
By: 57 on NBPCTCLERK02
PUBLIC

| Instrument ID | Date Recorded: 01/07/2022 Recorded Time 11:31:42 AM | Amount $1.00 |
| --- | --- | --- |

COPIES

| Accounts | Amount |
| --- | --- |
| COPIES, LAMINATIONS, OTH FEES | $1.00 |

Total Due:                         $1.00
Paid By Cash:                      $1.00
Change.Tendered:                   $0.00
              HAVE A NICE DAY!

7/9/2013

12:25.20

Book 1291
Page 937