# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>Charlene Smith,<br><br>              *Debtor* | Case No.: 13-20996 (AMN)<br>Chapter 7<br><br>Re: ECF No. 69 |

## MEMORANDUM OF DECISION AND ORDER
## DENYING DEBTOR'S MOTION TO REOPEN CASE

Pending before the court is Charlene Smith's (the "Debtor") motion to reopen her 2013 bankruptcy case so she may pursue alleged discharge injunction violations. ECF No. 69 ("Motion"). U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (with its predecessors, the "Bank") objects. ECF No. 71. In 2018, the Bank started a state court foreclosure case and later obtained a final judgment of foreclosure by sale. *U.S. Bank Trust, N.A., as Trustee for LSF9 Master V. Smith, Charlene, A/K/A Charlene Sjovall et al.*, Connecticut Superior Court, Case No. HHBCV186042999S (the "State Foreclosure Case", pending in the "State Court").

A hearing on the Motion was held on May 8, 2024.

### Nature of the Proceedings

Three legal concepts are important to this decision. First, a bankruptcy court should not reopen a bankruptcy case if there is no relief the court can grant. The bankruptcy court takes allegations a creditor violated a discharge order or the Bankruptcy Code's discharge injunction set forth in 11 U.S.C. § 524 seriously. However, if the allegations do not support a plausible discharge violation claim the case should not be reopened. See, 11 U.S.C. §§ 510, 524 (11 United States Code is the "Bankruptcy Code").

Second, whether a mortgage is recorded does not affect its enforceability in Connecticut. Recording a mortgage preserves the priority of the mortgage against other lienholders who might later file a mortgage or a judgment lien. But, even if a mortgage is not recorded, the mortgage remains enforceable against a mortgagor's property.

Third, under federal law, the *Rooker-Feldman* doctrine jurisdictionally bars the federal courts from hearing cases that are basically appeals of state court judgments.

The Debtor alleges (in her motion, supporting documents and during a hearing) she refinanced a mortgage on her condominium in 2005. The new mortgage lender failed to record the mortgage until years later, in 2018. In 2013, Ms. Smith filed a bankruptcy case and obtained a Chapter 7 bankruptcy discharge. Ms. Smith last made a monthly mortgage payment in 2013. Now, a final, non-appealable foreclosure judgment has entered in the State Court.

Ms. Smith asks the bankruptcy court to reopen her 2013 bankruptcy case so she can undo the State Court's judgment of foreclosure. She alleges the Bank violated the bankruptcy court's discharge order and Bankruptcy Code § 524 by pursuing the foreclosure case.

## Procedural Background

Over a decade ago the Debtor filed a voluntary Chapter 7 bankruptcy petition on May 16, 2013 ("Petition Date"). ECF No. 1. In her bankruptcy Schedule D, a list of secured claims, Ms. Smith identified the Bank's predecessor, Bank of America Home Loans, as a secured creditor holding an undisputed secured claim totaling $65,904.02 on the Petition Date. ECF No. 1, p. 14. After the Petition Date, the Debtor learned the Bank's mortgage on her real property known as 243 Lawlor Street, Unit 3C, New Britain, Connecticut (the "Property") had not been recorded in the land records. Ms. Smith filed

2

amended bankruptcy schedules removing the Bank from her Schedule D list of secured creditors and adding the Bank to her Schedule F list of unsecured creditors.  ECF No. 15, p. 8.

On August 13, 2014, the bankruptcy court entered a Chapter 7 discharge order pursuant to 11 U.S.C. § 727.  ECF No. 23.  The discharge order is an injunction against the Bank's enforcement of any *in personam* claim for money against Ms. Smith personally.  11 U.S.C. § 524(a)(2).  Neither Bankruptcy Code § 524 nor the discharge order can discharge, avoid, or vacate any lien or mortgage against the Property.

Several years passed before the mortgage was recorded in the New Britain Land Records in 2018.  ECF No. 36-1, p. 27.  After the mortgage was recorded the Bank began the State Foreclosure Case.  The Debtor argued the failure to record the mortgage before the 2013 bankruptcy case resulted in an unsecured debt that was discharged by the bankruptcy court.  State Foreclosure Case, Doc. No. 116, p. 6.  The State Court considered this argument but rejected it, granting summary judgment for the Bank.  The State Court determined the bankruptcy discharge injunction did not preclude a creditor from enforcing its *in rem* rights against the Property.  State Foreclosure Case, Doc. No. 113.03.  The State Court noted, "[a]lthough mortgages are usually recorded to clarify chain of title and to preserve the mortgagee's priority as to other lien holders, the court is aware of no law that requires recordation of a mortgage for it to create an enforceable lien against the mortgagor's property, and [Ms. Smith] has cited none."  State Foreclosure Case, Doc. No. 113.03.  Another order set a foreclosure sale date for January 21, 2023 (the "Foreclosure Sale Judgment").  State Foreclosure Case, Doc. No. 151.02.  The judgment of foreclosure by sale became final when the State Court determined the method of foreclosure and the amount of the debt.  *Saunders v. KDFBS, LLC*, 335 Conn.

3

586, 593 (2020). The Debtor's appeals of the Foreclosure Sale Judgment were unsuccessful. State Foreclosure Case, Doc. Nos. 136, 173, 190.5.

The Debtor then filed a complaint in the United States District Court against the Bank's loan-servicing agents and its counsel in the State Foreclosure Case. She alleged they had violated the bankruptcy discharge order and the Fair Debt Collection Practices Act.[1] *See, Smith v. Bendett & McHugh, P.C.*, No. 3:22-CV-239 (JAM), 2023 WL 372784 (D. Conn. Jan. 23, 2023). The District Court decided the Debtor's claims in federal court were barred by the *Rooker-Feldman* doctrine, noted the proper forum to litigate a violation of the bankruptcy discharge order was in the bankruptcy court and dismissed the case. *Smith v. Bendett & McHugh, P.C.*, 2023 WL 372784, at *5.

The Debtor then filed the pending Motion to reopen this 2013 bankruptcy case. During the hearing on May 8, 2024, the Debtor confirmed she wants to reopen the bankruptcy case because she believes the Bank and others acting on its behalf have violated Bankruptcy Code § 524 and the discharge order by foreclosing on the Property. The parties alleged to have violated the discharge injunction are the Bank, Caliber Home Loans, Inc., which appears to be the mortgage servicer, and Brock and Scott, PLLC, the Bank's attorneys in the State Foreclosure Case. ECF No. 69, p. 1.

Discussion

Rule 5010 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Code § 350(b) grants Bankruptcy Courts the power to reopen closed bankruptcy cases "to administer assets, to accord relief to the debtor, or for other cause." Bankruptcy Code § 350(b). Fed.R.Bankr.P. 5010; 11 U.S.C. § 350(b). When determining whether to reopen

---

[1] While not relevant to this decision, the court notes that the claims alleging violations of the Fair Debt Collection Practices Act were also dismissed. *See, Smith v. Bendett & McHugh, P.C.,* 2024 WL 1117002, at *11.

a case, the court may review the legal merits of the relief sought upon reopening. *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015). Courts should not reopen a bankruptcy case where the reopening is futile or a waste of judicial resources. *In re Paduch*, 636 B.R. 340, 344 (Bankr. D. Conn. 2022); accord, *In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015); accord *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015).

The Debtor argues here, as she did before the State Court and then the District Court, that the mortgage is an unenforceable lien against her Property because it was unrecorded, rendering the underlying note unsecured. *See,* ECF No. 69, p. 3. She also argues the Bank's note is unenforceable against her because it was listed as unsecured in her bankruptcy schedules and discharged. Pursuant to Bankruptcy Code § 524, she argues the Bank may not enforce the mortgage against the Property.

<u>A Mortgage Holder May Foreclose on Property After a Chapter 7 Discharge</u>

It is clear the Bank may not seek a money judgment against the Debtor personally for any mortgage foreclosure deficiency. However, it may foreclose on the mortgage against the Property. The Debtor's arguments that the Bank's failure to file a proof of claim in the bankruptcy case and failure to object to the characterization of the debt as unsecured in the bankruptcy schedules are unpersuasive. Unless otherwise discharged, liens generally pass through bankruptcy proceedings unaffected. *Geltzer v. Original Soupman Inc. (In re Soup Kitchen Int'l, Inc.)*, 506 B.R. 29, 40 (Bankr. E.D.N.Y. 2014); accord *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992). A secured creditor who fails to file a claim in a bankruptcy proceeding may instead proceed *in rem* for satisfaction of the debt. *In re Porzio*, 622 B.R. 20, 25 (Bankr. D. Conn. 2020); accord *Johnson v. Home*

*State Bank*, 501 U.S. 78, 84 (1991).[2]  Under the applicable state property law, and as the State Court noted in its summary judgment decision, a mortgage does not have to be recorded to be enforceable against real property.

Bankruptcy Code § 524 does not prevent the Bank from enforcing its mortgage against the Property once the bankruptcy case is concluded.  The Bank's failure to file a proof of claim in the bankruptcy case or to take action to correct the Debtor's characterization in her schedules that the note was unsecured did not change the secured status of the note and mortgage.  To avoid a lien – including a lien against real property that existed but was unrecorded on the Petition Date – a court order would be required, after notice and an opportunity for the lienholder to respond.  No such order was sought.

<u>The Bankruptcy Court Lacks Jurisdiction to Change the State Court Judgment</u>

As explained by the District Court, the *Rooker-Feldman* doctrine jurisdictionally bars the federal courts from hearing "cases that function as de facto appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018); *see*, *Smith v. Bendett & McHugh, P.C.*, 2023 WL 372784, at *4.  There are four requirements that must be met in order for *Rooker-Feldman* to bar the Debtor's claim: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.  *Sung Cho v. City of New York*, 910 F.3d at 645.

---

[2] The judge in the State Foreclosure Case reached the same conclusion.  State Foreclosure Action, Doc. No. 113.03.

6

Here, all four elements are met. First, the State Court ruled against the Debtor by entering the Foreclosure Judgment. Second, the Debtor complains the Foreclosure Judgment is wrong and has harmed her. Third, the Debtor wants to reopen the bankruptcy case to undo the Foreclosure Judgment and pursue enforcement of Bankruptcy Code § 524. Finally, the Foreclosure Judgment entered and was final before the Debtor sought to reopen the 2013 bankruptcy case to pursue new causes of action.

## Conclusion

After careful consideration of the facts alleged in Ms. Smith's Motion and having listened carefully to Ms. Smith's arguments during the May 8th hearing, the court does not believe Ms. Smith has alleged facts that support a conclusion that she could bring a plausible discharge enforcement claim if the case were reopened.

This court does not have jurisdiction under the *Rooker-Feldman* doctrine to change the Foreclosure Judgment and cannot provide the relief the Debtor seeks.

The court concludes the case should not be reopened at this time.

All other arguments have been considered and found to be without merit.

Accordingly, it is hereby,

**ORDERED**: The Debtor's Motion to Reopen Case, ECF No. 69, is DENIED.

Dated this 13th day of May, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut